UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| JUDY M. BOGGESS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No: 1:09cv70 Collier/Carter |
| MICHAEL S. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner denying the plaintiff a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, and 1382.[1]

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation regarding the disposition of plaintiff's motion for judgment on the pleadings (Doc. 15) and defendant's motion for summary judgment (Doc. 17).

For the reasons stated herein, I RECOMMEND the decision of the Commissioner be AFFIRMED.

### Plaintiff's Age, Education, and Past Work Experience

Plaintiff, born in 1953, was fifty-four years old on the date the ALJ issued his decision (Tr.

---

[1] Since the relevant DIB and SSI regulations cited herein are virtually identical, citations will only be made to the DIB regulations, found at 20 C.F.R. §§ 404.1500-404.1599. The parallel SSI regulations are found at 20 C.F.R. §§ 416.900-416.999, corresponding to the last two digits of the DIB cites (e.g., 20 C.F.R. § 404.1545 corresponds with 20 C.F.R. § 416.945).

65). Plaintiff had a high school education and previously worked as a bookkeeper, cashier, office manager, and seamstress (Tr. 82-83, 85, 91-98). Plaintiff alleged she was unable to work due to heart problems (Tr. 81).

## Applications for Benefits

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security (Commissioner) which found Plaintiff was not entitled to a period of disability, disability insurance benefits (DIB) or supplemental security income (SSI) under Titles II and XVI of the Social Security Act. See 42 U.S.C. §§ 416(i), 423 and 1382c. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3).

Plaintiff protectively filed applications for DIB and SSI on August 14, 2006, alleging she became disabled on August 8, 2006 (Tr. 65-69, 70-73). Plaintiff's applications were denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge (ALJ) (Tr. 8-19, 33-36, 48-52, 54-58). The ALJ concluded Plaintiff was not disabled because she could perform her past relevant work as a sewing machine operator, retail sales associate, bookkeeper, and office manager (Tr. 37-47). When the Appeals Council denied Plaintiff's request for review (Tr. 1-4, 5-7), the ALJ's decision became the final decision of the Commissioner. See 20 C.F.R. §§ 404.981, 416.1481.

## Standard of Review - Findings of the ALJ

Disability is defined as the inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §423(d)(1)(A). The burden of proof in a claim for Social Security benefits is upon the claimant to show disability. *Barnes v.*

2

*Secretary, Health and Human Servs.*, 743 F.2d 448, 449 (6th Cir. 1984); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980); *Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir. 1978). Once, however, the plaintiff makes a prima facie case that he/she cannot return to his/her former occupation, the burden shifts to the Commissioner to show there is work in the national economy which he/she can perform considering his/her age, education and work experience. *Richardson v. Secretary, Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 28 L. Ed. 2d 842, 92 S. Ct. 1420 (1971); *Landsaw v. Secretary, Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Secretary, Health and Human Servs.*, 790 F.2d 450 n. 4 (6th Cir. 1986).

As the basis of the decision of May 21, 2008 that plaintiff was not disabled, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security

      Act through December 31, 2009.

2.     The claimant has not engaged in substantial gainful activity since August 8, 2006, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3.     The claimant has the following severe impairments: obesity and hypertension (20 CFR 404.1520(c) and 416.920(c)).

4.     The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.     After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

6.     The claimant is capable of performing past relevant work as a sewing machine operator, retail sales associate, bookkeeper, and office manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7.     The claimant has not been under a disability, as defined in the Social Security Act, from August 8, 2006, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 42-47).

## Issues Presented

Plaintiff raises the following issues:

1.     The ALJ erred by not applying Medical-Vocational Guidelines ("GRID Rules") 20 CFR, Part 404, Subpart P, Appendix 2 to the case at hand.

2.     The ALJ erred in concluding the lack of significant objective and laboratory medical findings was an indication the claimant's impairments were not severe.

3.     The ALJ failed to consider Plaintiff's obesity and its impact on her residual functional capacity.

Review of Relevant Evidence

     Medical Evidence

The record reflects Plaintiff presented to Meigs County Primary Care Center ("Meigs") in May 2006 complaining of a sharp pain in her chest a couple days prior to the visit (Tr. 134). Plaintiff was assessed with chest pain and given samples of Toprol and nitroglycerin and instructed to take baby aspirin (Tr. 134). The provider offered to schedule a stress EKG, but Plaintiff refused (Tr. 134). Counseling on weight loss was done (Tr. 134). Two days later, Plaintiff reported that she needed something in writing stating that it was okay for her to work according to her job description (Tr. 133). The provider responded that Plaintiff could do her normal job, just not in excess, i.e. overtime (Tr. 133). Plaintiff worked as a sewing machine operator at the time (Tr. 91). Plaintiff continued treatment at Meigs through November 2006 (Tr. 129-32).

Dr. Holland performed a consultative evaluation of Plaintiff in February 2008 (Tr. 143-52). After interview and examination, he noted that Plaintiff had atypical chest pain due to an unknown cause (Tr. 145). Dr. Holland commented that there was no objective data to help assess the origin of her chest pain (Tr. 145). He observed that Plaintiff had a history of acid reflux and her obesity would make her at risk for heart disease (Tr. 146). Dr. Holland concluded that Plaintiff could frequently lift up to twenty pounds, and that her lifting limits were based on age, sex, body habitus, and overall deconditioning (Tr. 148). Dr. Holland also indicated that Plaintiff could sit for three hours at a time for a total of eight hours in an eight-hour workday, and stand and walk each for two hours at a time for a total of four hours each in an eight-hour

workday (Tr. 149). He found that Plaintiff could perform reaching, handling, fingering, feeling, and pushing/pulling with both hands continuously (Tr. 150). Dr. Holland reported that Plaintiff could only occasionally climb ladders or scaffolds, but could frequently climb stairs and ramps, balance, stoop, kneel, crouch, and crawl (Tr. 151).

Vocational Evidence

Joann Bullard, the vocational expert, testified that Plaintiff's past work as a retail sales clerk was a light, semi-skilled job; bookkeeper was a sedentary, skilled job; office manager was a sedentary, skilled job; and sewing machine operator was a light, semi-skilled job (Tr. 16).

Analysis

*Did the ALJ err by not applying Medical-Vocational Guidelines ("GRID Rules")?*

Plaintiff argues she should be found disabled under the Medical-Vocational Guidelines or Grid rules under 20 C.F.R., § 404, Subpart P, Appendix 2. She argues she should be found disabled under 20 C.F.R., § 404, Subpart P, Appendix 2, § 201.14 given her age (53) as of her alleged onset date (Doc. 16, Plaintiff's Memorandum, p. 4). However, the ALJ found Plaintiff capable of light work and 201.14 relates only to sedentary work. Plaintiff also argues if she were able to participate in "light work" she should be found disabled under 20 C.F.R. § 404, Subpart P, Appendix 2, § 202.06. However, § 202.06 applies to someone of advanced age and at the time of the ALJ's decision Plaintiff was 54, a person closely approaching advanced age, therefore § 202.06 did not apply.

Plaintiff's reference to the Grids fails on another level as well. In this case, the ALJ concluded Plaintiff was not disabled at step four of the sequential evaluation process so the Grid rules were inapplicable and not an issue in this case. *See* 20 C.F.R. §§ 404.1520(f), (g),

6

404.1560(c), 404.1569, 416.920(f), (g), 416.960(c), 416.969. Thus, Rules 201.06, 201.14, or 202.06 did not apply. Here the ALJ found Plaintiff capable of performing her past relevant work so the Grids did not apply. The ALJ found Plaintiff had the residual functional capacity to perform light work. This finding is supported by substantial evidence in the record as a whole. Substantial evidence also supports the ALJ's finding that Plaintiff could perform her past relevant work as a sewing machine operator, retail sales associate, bookkeeper, and office manager, and should be affirmed on judicial review. Plaintiff has failed to carry her burden of showing that she was unable to return to her past relevant work. *See Her v. Commissioner of Social Security*, 203 F.3d 388 at 391 (6th Cir., 1999) ("As an initial matter, we note that the burden of proof lies with the claimant at steps one through four of the process, culminating with a claimant's proof that she cannot perform her past relevant work."). That being the case, Plaintiff was found not disabled at step four, so the Grids do not apply.

*Did the ALJ err in concluding the lack of significant objective and laboratory medical findings was an indication the claimant's impairments are not severe?*

Next, Plaintiff argues the ALJ penalized plaintiff for failing to seek medical treatment she could not afford, that she was limited in her ability to obtain free or low cost health care so lack of treatment should not be used as a method to discredit Plaintiff's alleged severe impairments (Doc. 16, Plaintiff's Memorandum at 5, 6). I find no error in the opinion of the ALJ. Although he does note the lack of medical evidence to support Plaintiff's claim, the ALJ sent Plaintiff for a consultative examination. I conclude it was reasonable for him to give great weight to the opinion of Dr. Holland, the consultative examiner (Tr. 46). Dr. Holland evaluated Plaintiff in February 2008 and concluded she could perform a range of light work (Tr. 148-52). Plaintiff

7

does not identify any physician's opinion that she was further functionally limited.

*Did the ALJ fail to consider Plaintiff's obesity and its impact on her residual functional capacity?*

Plaintiff next points to Plaintiff's obesity and SSR 02-1p, "Evaluation of Obesity," which discusses proceedings in which obesity is a significant factor. This ruling states that "we consider obesity to be a medically determinable impairment and remind adjudicators to consider its effects when evaluating disability." The provisions [in the Social Security Regulations] reminds adjudicators that the combined effects of obesity with other impairments can be greater than the effect of each impairment considered separately." SSR 014-01p. Furthermore, "[t]hey [the Social Security Regulations] also instruct adjudicators to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity." *Id.*

The ALJ must "as with any other impairment" explain how a decision on whether obesity has caused any physical or mental limitations was reached. SSR 02-01p. Plaintiff argues the ALJ did not address this issue within his decision. I disagree.

Dr. Holland clearly stated that Plaintiff's obesity makes her at risk for heart disease (Tr. 146). Given her Body Mass Index of 51 at this examination, Plaintiff is obese.

In analyzing Plaintiff's residual functional capacity the ALJ noted the following:

At the hearing the claimant testified that her last job was sewing labels in tee shirts and she had to lift 15 pounds or more and her doctor told her not to lift over 10 pounds. She alleged she had an "episode" at work which she thought was a heart attack and the doctor did an EKG and said her heart had a "lot of stress." she also testified that she as diagnosed with carpal tunnel syndrome approximately 1995 or 1996, and her hands become numb and she drops things. However, she reported that she had not had any surgery or treatment for the condition, but

8

> indicated she has a brace she wears when her hands bother her. Furthermore, she alleged she broke her ankle a "few years ago" and that she could not stand on her feet for 8 hours a day.
>
> After considering the evidence of record, I find that the claimant's medically determinable impairments could reasonably be expected to produce only some of the alleged symptoms, and that the claimant's statements concerning the intensity, persistence and limiting effect of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below.
>
> The medical record is very sparse and contains a treatment record from Meigs County Primary Care Center (Meigs County), covering 5 office visits dating from May 22, 2006, through November 6, 2006. This record establishes that the claimant is obese with a weight varying from 240 to 270 pounds, and a height of 61 inches. She was diagnosed with hypertension and placed on hypertension medications (Exhibit 2F).

Tr. 43.

Therefore the ALJ specifically notes her obesity. The ALJ also specifically recognized Dr. Holland's comment that her obesity increased her risk for heart disease (Tr. 44). The ALJ's opinion accepts the opinion of Dr. Holland and Dr. Holland noted Plaintiff's obesity and ultimately concluded she could perform light work. The ALJ specifically considered Dr. Holland's report:

> William Holland, M.D., noted that the claimant reported a history of heart valve repair surgery when she was 10 years of age, and a 3-year history of hypertension which was under good control with oral anti-hypertensive medications. She also reported she had experienced two episodes of acute substernal chest pain, which she described as a nagging type pain and made her left arm feel "funny" and was accompanied by shortness of breath. She also reported that her family doctor advised her to go see a cardiologist, but she had no insurance or financial means, and she had no follow-up on the complaints. The claimant alleged, however, that her family physician had advised her to quit her job. Dr. Holland advised the pain she described sounded epigastric in nature. At the time of the evaluation, the claimant alleged that she continued to have an occasional episode of a nagging pain that occurs mostly when she is at rest, and lasts about 5 to 10 minutes and resolves on its own. Furthermore, the claimant reported that she had nitroglycerin

9

> tablets, but had not used any of them. Dr. Holland advised that the claimant
> weighed 270 pounds, blood pressure was 122/82, pulse was 74, and respirations
> were 16. He also advised that the claimant ambulated throughout the clinic
> without noticeable difficulty, and she had normal gait and station testing. Dr.
> Holland also noted that the claimant was able to sit and rise from a seated position
> without difficulty, and easily got on and off the examination table. She had full
> range of motion of all joints and the lumbar and cervical spine, no motor, sensory,
> or reflex disturbances, and had 5/5 grip strength. He advised that he had no
> explanation for the claimant's alleged chest pain, but noted she had a history of
> reflux and reported taking Zantac to reduce the acid. He also noted that her
> obesity increased her risk for heart disease, but she had no abnormal findings on
> chest/lung examination (Exhibit 4F).

Tr. 44.

The ALJ also acknowledged Dr. Holland's notation that Plaintiff was deconditioned and obese (Tr. 45). The record therefore shows both Dr. Holland and the ALJ recognized and considered Plaintiff's obesity (See Tr. 144,145 and 148 for references to Plaintiff's weight, obesity and de-conditioning).

Ultimately, the ALJ concluded Plaintiff was limited to light exertional work, and could perform her past relevant jobs, which were light and sedentary (Tr. 16, 43, 46). I note two State Agency file reviewing physicians after a review the record concluded Plaintiff had no significant restrictions and found her condition to be non-severe (Tr. 125-128 and 139-142). In light of the evidence in the record, I agree with the Commissioner that Plaintiff has failed to show she experienced any additional limitations as a result of her obesity that were not accommodated by the ALJ.

In evaluating Plaintiff's residual functional capacity, the ALJ noted the lack of medical evidence and reasonably gave great weight to the opinion of Dr. Holland, the consultative examiner (Tr. 46). Dr. Holland evaluated Plaintiff in February 2008 and concluded she could

perform a range of light work (Tr. 148-52). I therefore conclude there is substantial evidence to support the Decision of the ALJ.

## Conclusion

Having carefully reviewed the entire administrative record and the briefs of the parties filed in support of their respective motions, I conclude there is substantial evidence in the record to support the findings of the ALJ and the decision of the Commissioner, and neither reversal nor remand is warranted on these facts. Accordingly, I RECOMMEND:

> (1) The plaintiff's motion for judgment on the pleadings (Doc. 15) be DENIED.
>
> (2) The defendant's motion for summary judgment (Doc. 17) be GRANTED.
>
> (3) The case be DISMISSED. [2]

Dated: April 27, 2010                    s/William B. Mitchell Carter
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).